[Civ. No. 3390. Second Appellate District, Division Two.—August 10, 1920.]

## HATTIE F. BLANEY, Appellant, v. JOHN C. CLINE, Sheriff, etc., Respondent.

[1] APPEAL—DELAY IN FILING TRANSCRIPT—PENDENCY OF PROCEEDING TO SETTLE BILL OF EXCEPTIONS—ABSENCE OF COUNSEL FROM COUNTY.—Where the appellant has complied with the terms of section 650 of the Code of Civil Procedure, by filing with the clerk the proposed bill of exceptions and amendments, but there is delay in presenting the same to the judge for settlement occasioned by the absence of respondent's attorney from the county, the appeal will not be dismissed because of the delay in filing the transcript.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Motion denied.

The facts are stated in the opinion of the court.

F. D. R. Moote for Appellant.

H. L. Sacks for Respondent.

WELLER, J.—Motion to dismiss appeal. The notice of motion was served on appellant June 30, 1920, and was heard on July 12, 1920. Attached to the notice is a certificate of the clerk of the superior court stating that the notice of appeal was filed March 3, 1919; that an order granting five days' additional time to prepare a bill of exceptions was filed March 13, 1919; and that no further action was taken.

Counsel for appellant presented an affidavit setting forth that his proposed bill of exceptions, and amendments thereto, suggested by respondent, was filed with the clerk of the court in which the action was tried on April 7, 1919, and that no date has been set by the judge for settling the bill. The affidavit states that at one time affiant appeared in court with Joseph Pacht, who claimed to represent respondent's attorney, and requested the judge to settle the bill, where-

upon the court was informed by Pacht that he was going to
San Francisco, where respondent's attorney was then living,
and would there secure sufficient information upon which
to act.  On two subsequent occasions affiant communicated
with Pacht regarding the matter, and was finally informed
that respondent's attorney was expected to return to Los
Angeles soon.  The affidavit states that respondent's attor-
ney returned to the city several months prior to the filing
of the notice of motion, but that affiant was not aware of
his return until about June 1, 1920, when affiant met him
on the street and requested that he take up the matter in
court.  This counsel refused to do, informing affiant that he
intended to move to dismiss the appeal.  No affidavit in
opposition to the statements of appellant's attorney was
filed.

The ground of the motion is that the appeal has not been
perfected by filing the transcript within the time provided
by law.

Rule II of the supreme court and district courts of appeal
Rules (176 Pac. vii) provides that appellant, within forty
days after perfecting his appeal, shall file his transcript, but
that if a proceeding for the settlement of a bill of exceptions
which may be used in support of the appeal is pending, the
time shall not begin to run until the settled and authenti-
cated bill of exceptions has been filed. [1] The record
here shows that appellant has complied with the terms of
section 650 of the Code of Civil Procedure, by filing with
the clerk the proposed bill and amendments, and that the
delay in presenting the same to the judge for settlement was
occasioned by the absence of respondent's attorney from the
county.  Counsel for appellant appears to have been reason-
ably diligent in pressing a hearing on the settlement, having
more than once requested action from the other side.  It is
true that he might have insisted on the settlement of the
bill, or compelled the judge to act, by mandate; but under
the circumstances of the case we do not deem that he was
guilty of negligence in failing to take such steps.  As the
proceeding for settlement of the bill is still pending in the
superior court, the time for filing the transcript has not
expired.

Motion denied.

Finlayson, P. J., and Thomas, J., concurred.